## DIVISION OF VALLEY TOWNSHIP.

APPEAL* BY EXCEPTANTS FROM THE COURT OF QUARTER
SESSIONS OF ARMSTRONG COUNTY.

Argued October 14, 1891—Decided January 4, 1892.

1. From the order of the Court of Quarter Sessions, in proceedings for the erection of a new township, the division of a township already erected, the alteration of the lines of adjoining townships, etc., under §§ 13, 14, act of April 15, 1834, P. L. 539, no appeal to the Supreme Court is provided for, to authorize a review of the proceedings on the merits.
2. The matters excepted to herein, to wit, the notice of the meeting of the commissioners, their report as to the division line (different from that prayed for), and as to whether they had inquired into the propriety of granting the prayer of the petition, the order submitting the question to the electors, etc., all being regular, there could be no reversal on certiorari.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 287 October Term 1891, Sup. Ct.; court below, No. 73 June Term 1890, C. P.

On June 2, 1890, inhabitants of Valley township presented their petition, praying for the division of said township by a

---

* By § 1, act of May 9, 1889, P. L. 158, "all appellate proceedings in the Supreme Court, heretofore taken by writ of error, appeal, or certiorari, shall be taken in a proceeding to be called an appeal." But it is to be observed that "in all such cases, a writ of certiorari must be issued to bring up the record:" Rule of Supreme Court, May 27, 1889: See 125 Pa. xxi. Hence, though a case in the Supreme Court is "called" an appeal, the record is brought up by an accompanying certiorari.

Statement of Facts.

certain proposed line. Thereupon, three commissioners were appointed, to report on or before the first Monday of September next ; order issued.*

On September 1, 1890, the commissioners filed their report which set forth as follows :

" That notice was given to the inhabitants of the said township of the time and place of the meeting of said commissioners to attend to the duties of the said appointment, by at least ten printed hand-bills posted in the said township, in the most conspicuous places, and by advertisements in the Kittanning Times and Union Free Press, weekly newspapers published in the borough of Kittanning, for at least four weeks, and in general circulation in the said township.

" That we were all present and duly sworn ; that, in consideration of the large population in the said township, the development of its resources, and the inconveniences to many of the citizens of said township in attending elections, school-board meetings, and the number and extent of its roads, we do find that it is proper and right that the prayer of the petition should be granted ; that we hereto attach a plot or draft of the whole township of Valley, showing the line in said township which we report as the proper line for the division of said township, to wit: By a line beginning . . . . . a distance of three miles and one hundred and ninety-four perches. This line we recommend and establish as the division line in said township."

On September 17, 1890, an order was entered (see opinion of the court below), submitting the question of the division of the township to a vote of the qualified electors. On September 23d, the order for the vote of the electors was served on a constable of the township ; and on November 9th, a certificate of the result of the election was filed, showing that one hundred and thirty-seven votes were cast in favor of a division, and one hundred and thirty-four votes against a division.

On December 1, 1890, D. Slagle and others, citizens of said township, filed exceptions as follows :

1. That the order, ordering an election, should state that the

---

* The terms of court of Armstrong county appear to begin on the first Monday of March, June, September and December.

Statement of Facts.

question to be voted on was whether or not Valley township should be divided; and not, as stated in said order, " the question of the division of Valley township and the erection of a new township be submitted to a vote." Such order is fatal to the proceedings.[1]

2. The notice of the meeting of the viewers was not given according to law. Rule 59, § 1, of Armstrong County Rules, requires that in the case of altering the lines of any township, notice shall be given by publication in one or more newspapers printed at the county seat three successive weeks, the last insertion being at least ten days before the day of meeting to view. Said notice was printed in the Union Free Press for the first time on the twenty-fifth of July, 1890, and in the Kittanning Times the first time on the twenty-fifth of July, 1890, and is therefore not a compliance with said Rule of Court.[2]

3. The report of the viewers was filed September 1, 1890, to wit, at September Term 1890, and on September 17, 1890, to wit, at September Term 1890, the order to vote was issued; but under the law, § 14, act of April 15, 1834, the court had no power to act on said report until " the term after that at which the report shall be made," viz., at December Term 1890.[3]

4. The prayer of the petition was to divide the said township, " by a line commencing at the point where the line between Manor township and Kittanning township strikes the south boundary line of Valley township; thence by a straight line in a northerly direction, over the county iron bridge that crosses Pine creek to the Boggs township line, at a point about twenty-five rods from the house of William White; " while the viewers return a different line as the proper line of division, to wit, by a line beginning at a post thirty rods west of William White's house, thence by a straight line south twelve degrees west, directly over county iron bridge to an ironwood sapling on southern boundary line of said township sixty-four perches east of where line dividing Kittanning and Manor townships intersects said boundary line. A map or draft is hereto attached showing the line as called for in petition, and line as fixed by viewers.[4]

5. The commissioners have not reported as to whether or

not they had inquired into the propriety of granting the prayer of the petitioners.[5]

6. The record does not show that the constable of said township gave any notice of the time and place of holding the election, as required by § 2, act of March 14, 1857.[6]

On August 20, 1891, said exceptions having been argued, the court, RAYBURN, P. J., filed an opinion, which, after stating the proceedings in their order, proceeded :

First exception. The order made was, " And now, to wit, September 17, 1890, the report of the commissioners having been filed on the first day of September, 1890, it is ordered that the question of the division of Valley township and the erecting of a new township be submitted to a vote of the qualified electors, at an election to be held at the usual place of holding the general and township elections in said township, on Tuesday the fourth day of November, 1890, and to be governed by the general laws of this commonwealth relating to township elections; and that the constable give notice of such election as required by law."

The act of March 14, 1857, P. L. 93, makes it the duty of the court " when a return has been made by commissioners appointed, . . . . favorable to a division, to order a vote of the qualified electors of said township to be taken on the question of a division thereof," etc. In comparing the act of assembly and the order of court, it will be seen that the order complies with the act. The question of division is set forth in the exact words of the act. It is true, there is added thereto " and the erecting of a new township," and this is what the exceptants complain of. How is it possible for these additional words in the order to cause any misunderstanding, when we come to examine the proceedings thus far had. The petition, order to viewers, report of viewers, and plot or draft attached, all show that the question to be determined is the division of Valley township. And further, the certificate of the election officers returned to the clerk of said court, shows that votes cast were " for division," and " against division ; " thus showing that the electors exercised their rights in this matter intelligently, and with a full knowledge of the exact question to be determined ; and for these reasons this exception is dismissed.[1]

Opinion of Court below.

Second exception. The act of April 15th, 1834, § 13, P. L. 539, provides: " The several courts of Quarter Sessions shall have authority within their respective counties to erect new townships, to divide any township already erected, and to alter the lines of any two or more adjoining townships so as to suit the convenience of the inhabitants thereof, and to cause the lines or boundaries of townships to be ascertained and established." By the reading of this act and the Rule of Court applicable thereto as to notice, we are of opinion that unless we can believe that the words in the Rule of Court, "erecting a new township," can be construed as meaning the same thing as " dividing a township," this Rule of Court does not apply to this proceeding, the division of the township, as to the requiring of notice of view to be given. The words in the Rule, "altering lines of any township," "ascertaining the lines or boundaries of any township," " to divide any borough, ward or township into two or more election districts," " to alter the bounds of any election district," or " to form an election district out of parts of two or more adjoining townships," surely cannot be taken to mean " the division of a township" as contemplated by § 13 of the act of April 15, 1834.

If the erecting of a new township means the same as the dividing of one, the order of court submitting the question of division to the vote of the electors was clearly correct in including the words "and the erecting of a new township." We think, however, they do not mean the same thing ; as the division of a township means the dividing of one already erected, and the erecting of a new township may be done out of portions of two or more adjoining ones. Since the Rule of Court relied upon by exceptants, does not include the division of townships, notice of view in accordance therewith is not required. We are of opinion, however, that the spirit of the law would require that those interested should have a reasonable notice of the time and place of view. Did they have such notice ? The evidence on file shows that notice of the view was published for the first time in each of the two papers, the Union Free Press and Kittanning Times, on the twenty-fifth day of July, 1890 ; and the report of viewers shows that this notice was given for four weeks in each paper, and also that notice was given by at least ten printed hand-bills posted in said township in the most

Opinion of Court below.

conspicuous places. The form of the notice and the manner in which it was given, as set forth in the report, is not gainsaid by the exceptants. We therefore say that notice sufficient was given to inform those interested, so that they might have their day in court.

Even if the Rule of Court cited did apply to this proceeding, we are of the opinion that under the authority of the cases of Williams v. Moore, cited in 1 T. & H. Pr. 726; Bachelor v. Bachelor, 1 Mass. 256; and Stoever's App., 3 W. & S. 154, sufficient notice was given. The exceptants contend that the notice should have been published in the paper for full twenty-one days prior to the beginning of the ten days required by the rule to elapse between the date of last insertion and the day of view. Now, is that what the rule intends and means, when we look at it, giving to each and every word therein its full force and meaning, when taken in connection with the other words and the construction of the rule as a whole. The reason for the rule is that the parties in interest shall have notice. Now if, as is contended, there should be publication full twenty-one days, and that is what is meant by the words, "three successive weeks," why do we have that requirement in the Rule, "the last insertion being at least ten days before the day of meeting to view." Does not the Rule, taken as a whole, mean that notice shall be published successively three times in the three weeks, and that the last insertion shall be at least ten days before the day of view?

In the case of Williams v. Moore, supra, it was decided that there need not be three weeks between the first advertisement and the day of sale (in the case of a sheriff's sale); it is sufficient that the sale be advertised once in every week of three weeks preceding the sale. Also, in Bachelor v. Bachelor, supra, it is decided; "An order to give notice by publishing in a newspaper three weeks successively, is complied with by publishing in such paper in three successive weeks, although there be not an interval of a week between either the first and second, or second and third publications." It is true, there are decisions in opposition to this view of the case, and they are cited and urged by exceptants in support of this exception.

Early v. Homans, 57 U. S. 615, is one relied upon by the exceptants. In this case, it was decided that "notice of a tax

Opinion of Court below.

sale once in each week for at least twelve successive weeks, is not given unless the first notice preceded the sale eighty-four days." In the opinion of the court we find this utterance: "We do not doubt, if the statute had been 'once in each week for twelve successive weeks' a previous notice of the particular day of sale having been given to the owner of the property, that it might very well be concluded that twelve notices in different successive weeks, though the last insertion of the notice for sale was on the day of sale, was sufficient." Now, applying this doctrine to the exception, can it stand? The learned judge certainly holds that twelve publications of notice in twelve different weeks, although there may not be full eighty-four days, would be a compliance with the statute in the form as he states it. The wording used by the judge is even stronger and more definite than the wording of the Rule of Court. He uses the word, "for," before twelve; which as regards time means duration or continuance. In the Rule of Court, we have the expression "three successive weeks," without any preceding words, such as "for," "at least," which seems to have governed the learned judge in deciding the case in the way he did. He says, every statute must be construed from the words in it, and that construction is to be preferred which gives to all of them an operative meaning. As the other cases cited by the counsel for exceptants are of a similar nature, we will not pursue this branch any further. The 2d exception is therefore dismissed.[2]

Third exception. We fail to see in it any merit. The act of March 14, 1857, makes it the duty of the court to order a vote of the qualified electors upon the question of division, when the commissioners make their return favoring a division. That has been done in this case, at the same term to which the return was made, and we think correctly so. This exception is therefore dismissed.[3]

Fourth exception. This exception raises the question as to the right of the commissioners to divide the township by a line other than that set forth in the petition. The act does not require that the petition set forth any proposed line of division, and we take it that, in the event of the petition not pointing out any proposed line of division, it would be the duty of the commissioners, if they found the township should be divided,

Opinion of Court below.

to do so by a line which would make the division most conven-
ient to the inhabitants.   In the case in hand, the petition does
set forth a line of division, but the commissioners in the draft
returned have not adhered strictly to it.   The thing prayed for
especially, in the petition, is the division of the township.
Now, if that division is necessary, the law says it must be done
so as to suit the convenience of the inhabitants.   The commis-
sioners are appointed to inquire into the propriety of granting
the prayer of the petitioners.   They reported a division repre-
sented by a line on their draft; and it is presumed that they
made this division so as to suit the convenience of the whole
township, and not only the convenience of the petitioners, by
adopting the exact line set forth in their petition.   The depart-
ure from the proposed line is immaterial, under the circum-
stances; and when we take into consideration the fact that the
petitioners are not complaining of the line of division returned
by the commissioners, but are satisfied with it, we cannot see
any good reason why the same should not stand.   Of course,
a majority of the votes of the inhabitants does not cure a defect
in the proceedings, but it argues very strongly that a division
has been made that is most convenient.   It may be said that
there are in this case almost as many votes against as in favor.
That is true, but those votes are not against the line as returned.
They are against division generally; and in all probability would
have been cast the same way had the commissioners adhered to
the exact line set forth in the petition, especially as there is not
much difference between the location of the two lines.   These
circumstances show a compliance with the law.   This exception
is therefore dismissed.[4]

Fifth exception.   The report of the commissioners sets forth
fully the reasons which led them to the conclusion to grant the
prayer of the petition.   We quote from the report: " That, in
consideration of the large population in the said township, the
development of its resources, and the inconveniences to many
of the citizens of said township in attending elections, school-
board meetings, and the number and extent of its roads, we do
find that it is proper and right that the prayer of the petition
should be granted," etc.   This was the result of their inquiry;
and upon a consideration of these things their judgment was

Opinion of the Court.

formed, from which judgment came the decision returned.*
This exception we cannot sustain.[5]

Sixth exception. The records show that the order of court
fixing the time and place of holding the election and directing
the constable to give notice thereof according to law, was served
upon him. We cannot see the reason for the record showing
that the constable gave the notice. There is nothing in the
act requiring him to make a return. He is required as consta-
ble to give notice; and if the maxim, Omnia præsumuntur rite
et solenniter esse acta, ever applies, it will apply in this case.
If notice had not been given by the officer, as required by law,
we think it was the duty of the exceptants to show it by evi-
dence, and upon them the burden should lie. The exception
is therefore dismissed.[6]

—Final orders having been made, and exceptions sealed, the
exceptants took this appeal, specifying that the court erred:

1-6. In dismissing the several exceptions filed.[1 to 6]

*Mr. Ross Reynolds* and *Mr. W. D. Patton*, for the appellants.
Counsel cited: (1) Sections 13, 14, act of April 15, 1834, P.
L. 539; §§ 1-4, act of March 14, 1857, P. L. 93; §§ 1-4 act
of April 24, 1857, P. L. 304; Ryon Tp., 1 Walk. 137. (2) Brown
v. Fowzer, 114 Pa. 449; North Whitehall Tp., 47 Pa. 156;
Early v. Homans, 57 U. S. 610; Erie Ass'n v. Thompson, 13
Phila. 511; Bethel Tp., 1 Pa. 97. (3) Indep. Sch. D., 33 Pa.
300; Conneaut Tp., 1 Pittsb. 477. (4) Green Tp., 9 W. & S.
25; Wetmore Tp., 68 Pa. 340. (5) Limestone Tp., 11 Pa.
270. (6) Norwegian Tp., 20 Pa. 325.

*Mr. M. F. Leason*, for the appellees.
Counsel cited: Commonwealth v. Judges, 8 Pa. 395; Gan-
non v. Fritz, 79 Pa. 307.

·PER CURIAM:

We are not aware of any act of assembly which authorizes
an appeal in this case. The division of a township is a statu-
tory proceeding, and if the statute does not in terms give an
appeal, no appeal lies. If we consider the case upon the

---

*See Elk Tp. School D., ante 1.

certiorari, no error is apparent. The court below had juris- diction, and, so far as appears, the proceedings are regular.

> The appeal is quashed at the costs of the appellant, and the proceedings affirmed upon the certiorari.